Kent Khtikian, Esq. (#99843)
Kimberly A. Hancock Esq. (#205567)
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, California  94133-2930
Telephone: (415) 834-1778
Facsimile: (415 834-1842

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST; TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST; TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST; INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN, AFL-CIO, LOCAL UNION NO. 3, on behalf of itself and as agent for its members; TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND, | ) CASE NO.<br>)<br>)<br>) COMPLAINT<br>) FOR BREACH OF<br>) BARGAINING AGREEMENT,<br>) RECOVERY OF DELINQUENT<br>) WAGE & FRINGE BENEFIT<br>) CONTRIBUTIONS;<br>) ENFORCEMENT OF STOP<br>) NOTICE; PAYMENT OF<br>) PREVAILING WAGE; PAYMENT<br>) BOND |
| Plaintiffs, | ) |
| vs. | ) |
| MASONRY SYSTEMS GROUP INC., a California corporation doing business as "MSGI Construction Company"; GILBANE BUILDING COMPANY, a Rhode Island corporation; REGENTS OF THE UNIVERSITY OF CALIFORNIA; TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

Plaintiffs, and each of them, complain against the above-named defendants and allege as follows:

**I**
**FIRST CLAIM FOR RELIEF**
**(Delinquent Contributions)**
**(29 U.S.C. Section 1145)**
(As to Masonry Systems Group)

1. This is an action to collect unpaid contributions to multiemployer benefit plans pursuant to the terms of each plan, its respective trust agreement and a collective bargaining agreement. Jurisdiction of this action is conferred on this Court by the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. Sections 1132(a), (e), and (f) and 1145. Jurisdiction of this action is also conferred on this Court by the provisions of 28 U.S.C. Section 1331(a).

2. This District is the appropriate venue for this action, pursuant to 29 U.S.C. Section 1132(e)(2), as all of the plans are administered in this District and the breach took place in this District.

3. Plaintiff, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN, AFL-CIO, LOCAL NO. 3, an affiliate of the International Union Of Bricklayers And Allied Craftsmen, AFL-CIO, hereinafter the "Union", is and at all times material herein was a labor organization and the collective bargaining representative for persons who are engaged, by defendants as masons in the construction industry in Northern California. As such the Union is a employee organization representing employees in an industry affecting commerce, within the meaning of Section 301 of the LMRA, the definitions contained in Sections 2(5), and 501(1) and (3) of the LMRA (29 USC Sections 152(5), 142(1) & (3)) and 29 U.S.C. Sections 1002(4) and 1003. The Union maintains its principal office for such purpose in Oakland, California.

4. The Union brings this action on behalf of itself and as agent for and assignee of its members, all of whom were employed by Masonry Systems Group Inc., to perform work under the collective bargaining agreement described in paragraphs 8, 9, 14 and 19 through 29 of this complaint.

5. Plaintiffs, TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 PENSION TRUST (hereinafter "Pension Fund"), TRUSTEES OF THE BRICKLAYERS LOCAL NO. 3 HEALTH AND WELFARE TRUST (hereinafter "Welfare Fund"), TRUSTEES OF THE BRICKLAYERS AND ALLIED CRAFTS LOCAL NO. 3 APPRENTICE TRAINING TRUST (hereinafter "Apprentice Fund") and TRUSTEES OF THE INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN PENSION FUND (hereinafter "International Pension Fund"), are trustees and fiduciaries of multiemployer employee benefit plans pursuant to ERISA, 29 U.S.C. Sections 1002(3) and (37) and 1132(d)(1). The Pension Fund, Welfare Fund and Apprentice Fund each has its office in San Francisco, California.

6. The Union brings this action on behalf of itself and as agent for it members, hereinafter referred to as "Mason Employees".

7. Defendant MASONRY SYSTEMS GROUP INC., (hereinafter "MSGI") is a California corporation with its principal office and place of business in Los Angeles, California. At all times material herein, MSGI has engaged in the construction industry in California and as such has been an employer engaged in an industry or activity affecting commerce within the meaning of 29 U.S.C. Sections 1002(5) and 1003, Section 301 of the LMRA, and of the definitions contained in Sections 2(2), and 501(1) and (3) of the LMRA (29 USC Sections 152(2), 142(1) & (3)). MSGI is a

licensed masonry contractor.  At all times material hereto MSGI
has done business as "MSGI Construction Company".

8. At all times material herein, the Union has been party to
a written collective bargaining agreement with MSGI which
agreement requires that MSGI pay various wages and fringe
benefits to its employees.  Pursuant to the terms of the
collective bargaining agreement, MSGI agreed to be bound by the
terms and conditions of each of the trust agreements under and in
accordance with which each of the Funds was established and is
maintained.

9. The collective bargaining agreement and the trust
agreements all require MSGI to report in writing each month to
the administrator of the Funds the total number of hours worked
by any person employed by MSGI to perform work within the
jurisdiction of the collective bargaining agreement (hereinafter
referred to as the "remittance reports").  The collective
bargaining agreement and the trust agreements all require MSGI to
submit those monthly remittance reports together with the
payments indicated by those reports to the administrator of the
Funds by the 15th day of the calendar month first following the
calendar month in which the hours were worked.

10. MSGI has failed to pay the required fringe benefit
contributions to the Funds, and the required vacation and dues
check-off payments (hereinafter "wages") to the Mason Employees
and the Union, for work performed from April 1, 2002 to September
30, 2003 by Mason Employees performing work under the Agreement
on the project known as Mission Bay Building 19 Developmental
Biology And Genetics Building located in San Francisco,

California (hereinafter the "Building 19 Project").

11. MSGI submitted remittance reports to Plaintiffs stating that MSGI employed no person to perform any work covered by the collective bargaining agreement on any project within the geographic jurisdiction of the collective bargaining agreement during the period from April 1, 2002 through September 30, 2003. Those reports were false and known by MSGI to be false.

12. MSGI has submitted payroll reports to Gilbane Building Company, the general contractor on the Building 19 Project, and to a higher tier subcontractor, Cleveland Marble Mosaic Company, certifying that MSGI's employees worked at least 856.5 hours on the Building 19 Project during the period from April 1, 2002 through September 30, 2003. Those reports show a total amount due for unpaid fringe benefits is at least $12,287.91.

13. Demand has been made for payment, but MSGI has refused and continues to refuse to pay the sum owed for work performed from April 1, 2002 through September 30, 2003 to the present.

14. Pursuant to the Trust Agreements, the collective bargaining agreement and by statute (ERISA section 502(g)(2)(B)), if payments are not made, or if remittance reports are not submitted in a timely manner, MSGI is required to pay liquidated damages on the principal amount due equal to ten percent (10%) of the unpaid monthly contributions if the principal amount is paid within 30 days of the due date and twenty percent (20%) of the unpaid monthly contributions if they are paid more than 30 days after the due date. This liquidated damage amount now owed, on all hourly fringe benefits accrued from April 1, 2002 to September 30, 2003, is at least $2,457.58. In addition, under

1  the terms of ERISA (section 502(g)(2)), the trust agreements and

2  Article XIII of the Collective Bargaining Agreement, plaintiffs

3  are entitled to attorney's fees, auditor's fees, interest and

4  collection costs on any delinquency described in this complaint.

5      15. Plaintiffs are entitled to unpaid fringe benefits due

6  the Pension Fund, the International Pension Fund, the Welfare

7  Fund and the Apprentice Fund for hours worked from April 1, 2002

8  through September 30, 2003 in an amount in excess of $12,287.91,

9  plus interest thereon from May 15, 2002, plus plaintiff's

10  attorney's fees and costs, plus the greater of liquidated damages

11  in excess of $2,457.58 or interest, plus penalties, pursuant to

12  29 U.S.C. Section 1132(g)(2), Labor Code Sections 201, 203, 218.5

13  and 218.6, all according to proof.

14                              **II**
                      **SECOND CLAIM FOR RELIEF**
15                      **(Breach of Contract)**
                      **(29 U.S.C. Section 185)**
16                      (As to Masonry Systems Group)

17      16. Plaintiffs reallege and incorporate herein by reference

18  each and every allegation set forth in paragraphs 1 through 14,

19  inclusive, of this complaint as though fully set forth at this

20  point.

21      17. This is an action to enforce a collective bargaining

22  agreement pursuant to 29 U.S.C. Section 185.  Jurisdiction of

23  this action is also conferred on this Court by the provisions of

24  28 U.S.C. Section 1331(a).

25      18. The Union and the persons on whose behalf the Union

26  brings this action have duly performed all conditions of the

27  agreement on their part to be performed.

28      19. Article IX of the collective bargaining agreement

states: "All employers signatory to this agreement agree that the exclusive source for the employment of employees covered by this agreement shall be the union."

20. MSGI failed to request any employees from the Union for the Building 19 Project. As a consequence of MSGI's breach of Article IX, the Union and its members have incurred a loss of, and MSGI is liable to the Union for the loss to its members of, all wages which would have been paid to them for the 856.5 hours worked on the project in the amount of approximately $36,341.30.

21. Article IX of the collective bargaining agreement further states: "All employers engaged in any construction work within the geographic jurisdiction covered by this Agreement, shall, in hiring workmen covered by this Agreement, give preference to persons residing or normally employed in the geographic area covered by this Agreement."

22. All persons employed by MSGI resided outside of the 46 county jurisdiction of the Union. MSGI made no effort to employ workmen residing or normally employed in the geographic area covered by the collective bargaining agreement. As a consequence of this additional breach of Article IX of the agreement by MSGI, the Union and its members have incurred a loss of, and MSGI is liable to the Union for the loss to its members of, all wages which would have been paid to them for the 856.5 hours worked on the project in the amount of approximately $36,341.30.

23. Article V, Section 1 of the collective bargaining agreement states: "All employees covered by this Agreement shall, as a condition of employment, become member of and maintain membership in the Union after the seventh (7th) day of employment

following the beginning of such employment."  MSGI employed 7
persons on the project and did not have any of them become
members of the Union.  As a consequence of MSGI's breach of
Article V, Section 1 of the agreement, the Union incurred the
loss of, and MSGI is liable to the Union for the loss of,
initiation and monthly dues in the sum of at least $1,310.

24. The collective bargaining agreement requires that all
persons employed by MSGI to perform work described in the
agreement on any project within the 46 county-area covered by the
agreement must be paid the wage rates specified in the agreement.
Plaintiffs are informed and believe that MSGI did not pay any of
the persons employed on the Building 19 Project the wages
required by the agreement.

25. Article XIII, Section 3, of the collective bargaining
agreement states:

"Each monthly contribution to the Trusts shall be made
promptly and is due on or before the fifteenth (15th) day of
the calendar month following the month such hours are worked
and if not paid in full by the fifteenth (15th) day of the
month shall be delinquent and subject to liquidated
damages."

26. Article XIII, Section 3 of the collective bargaining
agreement further provides that should MSGI fail to submit
reports or make the required payments by the agreed date, MSGI
shall be liable for liquidated damages.  In relevant part, the
collective bargaining agreement states:

"The employer and the Union recognize and acknowledge
that the regular and prompt payment of employer
contributions and the furnishing of report forms is
essential to the maintenance of the Trusts, and it would be
extremely difficult, if not impractical, to fix the actual
expense and damage to the Trusts which would result from
failure of any employer to such monthly contributions and
furnish contribution forms within the time provided.
Therefore, the amount of damages to the Trusts resulting

from any such failure shall be presumed to be ten percent (10%) of all contributions due for the first thirty (30) days of delinquency, and thereafter, the charge will be twenty percent (20%) of the amount due."

27. Article XIII, Section 4 of the collective bargaining agreement states that in the event it is necessary for the Union or the Trusts to file an action to recover contributions or liquidated damages, the Union and the Trusts are entitled to recover, in addition to the above-described liquidated damages, interest at the legal rate, all costs of suit and reasonable attorney's fees incurred in enforcing this obligation.  The plaintiffs have incurred attorney's fees and costs in an attempt to recover the delinquent wage and fringe benefit payments.

28. Article XIII, Section 5 of the collective bargaining agreement provides that MSGI shall pay the cost of any audit of the records of MSGI which shows that MSGI has failed to pay the required fringe benefits.

29. Article XIII, Section 7 of the collective bargaining agreement provides that MSGI shall deposit a cash or surety bond (in a form specified in the collective bargaining agreement) with the Union or the Trust funds in the amount of $15,000.  MSGI has not deposited any bond with the Union or the Trust funds.

30. Defendant MSGI breached the collective bargaining agreement by: (i) failing to pay fringe benefits and wages in excess of $12,287.91 (ii) failing to pay or report fringe benefits and wages when due; (iii) failing to pay the wages required by the agreement in an amount to be determined; (iv) failing to pay liquidated damages in excess of $2,457.58 and interest on late payments of fringe benefits as agreed; (v) failing to deposit a cash or surety bond in the amount of

$15,000.00; (vi) failing to comply with the hiring and preference requirements set forth in Article IX of the agreement thereby causing loss to the Union and its members in the amount of at least $36,341.30; (vii) failing to require employees to become members of the Union as provided in Article V of the agreement thereby causing loss to the Union in the amount of at least $1,310; and, (v) to pay the attorney's fees and other collection costs, all to the detriment of Plaintiffs.

31. As a consequence of the above-described breach, Plaintiffs are entitled to damages in an amount in excess of equal to the wages and fringe benefit payments required by the agreement in an amount in excess of $49,939.21, plus interest thereon from the original date of each late payment or from the date of breach, liquidated damages in excess of $2,457.58, receipt of a cash or surety bond (in the form required by the collective bargaining agreement) in the amount of $15,000.00, penalties, attorney's fees and costs in an amount to be determined, pursuant to the collective bargaining agreement, the trust agreements incorporated therein to which MSGI has agreed to be bound, California Civil Code section 3287, and California Labor Code sections 201, 203, 218.5 and 218.6.


### III
### THIRD CLAIM FOR RELIEF
### Action to Enforce Stop Notice
### (California Civil Code §§ 3179 et. seq.)
(As to Defendants Regents of the University of California
and Gilbane Building Company)

32. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 15 and 18 through 31 of this complaint as though fully set forth at

1 | this point.

2 | 33. This is an action pursuant to California Business and
3 | Professions Code section 3210 to enforce plaintiffs' rights
4 | arising from a stop notice. Plaintiffs were at all times
5 | mentioned in this complaint express trust funds or laborers and
6 | mechanics as described in California Civil Code Sections 3110 and
7 | 3111.

8 | 34. Defendant, GILBANE BUILDING COMPANY (hereinafter
9 | "Gilbane"), is and at all times material herein was a Rhode
10 | Island corporation with an office and place of business in San
11 | Francisco, California.  At all times material herein, Gilbane has
12 | engaged in the construction industry in California and as such
13 | has been an employer engaged in an industry or activity affecting
14 | commerce within the meaning of 29 U.S.C. Sections 1002(5) and
15 | 1003, Section 301 of the LMRA, and of the definitions contained
16 | in Sections 2(2), and 501(1) and (3) of the LMRA (29 USC Sections
17 | 152(2), 142(1) & (3)).

18 | 35. The property to which reference is made in this
19 | complaint as the Building 19 Project includes all buildings,
20 | structures and other improvements and all land located thereon.

21 | 36. Defendant, REGENTS OF THE UNIVERSITY OF CALIFORNIA,
22 | (hereinafter "Regents"), is a public entity located in San
23 | Francisco County, California.  Regents are the owners of the
24 | Building 19 Project on which improvements were made by MSGI and
25 | the Mason Employees.

26 | 37. Regents entered into a written contract with Gilbane for
27 | certain construction work to be performed by Gilbane Construction
28 | on the Building 19 Project.  The contract described in this

paragraph is hereinafter referred to as the "Regents-Gilbane Contract". The Regents-Gilbane Contract is a contract for a public work within the meaning of California Labor Code Section 1720. Plaintiffs and the Mason Employees have not been paid for the labor furnished by them on the Building 19 Project.

38. Plaintiffs are entitled to file claims under Section 3181 of the California Civil Code.

39. Before the expiration of 90 days after completion or cessation, no notice of completion or cessation having been recorded, plaintiffs served the Controller for Regents with a stop notice, signed and verified by plaintiffs, for labor furnished in the amount of approximately $21,090.00. A copy of that stop notice is attached hereto as Exhibit 1.

40. At the time the stop notice was served, Regents had in its possession or under its control, funds due or to become due to the original contractor, Gilbane, in an amount unknown to plaintiffs but known to Regents and Gilbane Construction.

41. Plaintiffs are entitled to an order of this Court directing disbursement of funds in the possession of Regents to the extent of plaintiffs' claims in the amount of at least $12,287.91, plus an undetermined amount for underpaid wage, together with interest, costs and plaintiffs' attorneys' fees.

IV
FOURTH CLAIM FOR RELIEF
(California Labor Code §§ 1720 et. seq.)
(As to Gilbane Construction Corporation, Inc.)

42. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 15, 18 through 31, and 34 through 40, inclusive, of this complaint as though fully set forth at this point.

43. Pursuant to California Labor Code sections 1720, 1721, 1722, 1722.1, 1723, 1771, 1771.2, 1772, 1773, 1773.1, 1774 and 1775 the contractor to whom a contract for public works is awarded and any subcontractor working under such a contractor must pay the workers employed upon the public work not less than the general prevailing rate for wages in the locality of the public works project and that the general contractor is liable for any underpayment by the subcontractor of such wages in the event that a subcontractor fails to pay them the workers employed by the subcontractor upon that public work.

44. Pursuant to California Labor Code section 1776 each contractor and subcontractor on a public work is required to keep accurate payroll records showing for each employee the number of hours worked each day by that employee and the actual wages paid to that employee on that public work. Section 1776 further requires the contractor and subcontractor to provide a certified copy of all payroll records described in the preceding sentence to the employees' representative.

45. Gilbane subcontracted the work performed by MSGI on the Building 19 Project to The Cleveland Marble Mosaic Company (hereinafter "Cleveland Marble"). Cleveland Marble then entered into a further, "third tier", subcontract with MSGI to perform the work. At all times material herein and with respect to all work performed on the Building 19 Project, Gilbane, Cleveland Marble and MSGI were contractors and subcontractors on a public work and subject to the provisions of California Labor Code sections 1720 et. seq.

46. Defendant Gilbane has violated California Labor Code

sections 1720, 1721, 1722, 1722.1, 1723, 1771, 1772, 1773, 1773.1, 1774, 1775 and 1776 by failing to pay prevailing wages as required by the California Labor Code to the detriment of plaintiffs. Plaintiffs are entitled to damages, interest, penalties, auditor's fees, attorney's fees and costs pursuant to the Gilbane-Cleveland-MSGI Contracts, California Labor Code sections 203, 218.5 and 1776, California Civil Code section 3287 all in an amount in excess of $12,287.91.

**V**
**FIFTH CLAIM FOR RELIEF**
**(Action On Payment Bond)**
**(Civil Code §§ 3225 et seq.)**
(As to Travelers Casualty And Surety Company of America)

47. Plaintiffs reallege and incorporate herein by reference each and every allegation set forth in paragraphs 1 through 15, 18 through 31, 34 through 40 and 43 through 44, inclusive, of this complaint as though fully set forth at this point.

48. Defendant, TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA (hereinafter "Travelers Insurance"), is and at all times material herein was a Connecticut corporation with its principal office and place of business in Hartford, Connecticut. Travelers Insurance is engaged in the insurance and surety business and issues payment bonds required by the California Civil Code for the construction, alteration or repair of any private building or for any public building.

49. Plaintiffs are entitled to file claims under Section 3181 of the California Civil Code.

50. At some time prior to April 2002, the Regents entered into a written contract with Gilbane for certain construction work to be performed by Gilbane on the Building 19 Project. The

contract described in this complaint is referred to as the
"Regents-Gilbane Contract".  The Regents-Gilbane Contract is a
contract for a public work within the meaning of California Labor
Code Section 1720.

51. California Civil Code section 3247 and the Regents-
Gilbane Contract require that Gilbane obtain a labor payment bond
to ensure the payment of wages to all persons providing labor on
the Building 19 Project either as employees of Gilbane or as
employees of Gilbane's subcontractors.

52. Pursuant to the terms of California Civil Code section
3247 and the Regents-Gilbane Contract, Gilbane obtained a payment
bond underwritten by Travelers Insurance.  The bond underwritten
by Travelers Insurance is designated as bond number 06 SB
103120195 BCM (hereinafter referred to as the "Travelers Bond")
Gilbane is the principal on the Travelers Bond.  A copy of the
Travelers Bond is attached hereto as Exhibit 2.

53. The Travelers Bond guarantees the payment by Travelers
Insurance of all wages and employee benefit contributions which
might be owed by Gilbane or its subcontractor, MSGI, to any
person having a claim for labor payable under a collective
bargaining agreement.

54. The Travelers Bond guarantees the payment by Travelers
Insurance of all reasonable attorney's fees incurred by
plaintiffs in this action.

55. Plaintiffs have been informed and at this time believe
and thereon allege that the unpaid wages and fringe benefits owed
on the Building 19 Project for at least 856.5 hours of work
performed by the Mason Employees is in excess of $12,287.91.

1    56. MSGI has failed to pay the liquidated damages,

2    attorney's fees and interest required for delinquent payment of

3    wages and fringe benefits by the collective bargaining agreement.

4    57. MSGI has breached the collective bargaining agreement.

5    All payments required by the collective bargaining agreement are

6    due, payable under and insured by the Travelers Bond.

7    58. Demand and claim have been made for payment to MSGI,

8    Gilbane and Travelers Insurance, but each has refused and

9    continues to refuse to pay the sums owed.

10    59. Plaintiffs are entitled to recover from Travelers

11    Insurance, pursuant to the terms of the Travelers Bond and

12    California Civil Code sections 3225 through 3250, unpaid wages

13    and liquidated damages in the amount of at least $12,287.91,

14    according to proof.

15    60. Plaintiffs have incurred and are entitled to recover

16    from Travelers Insurance plaintiffs' attorney's fees and costs,

17    interest and penalties pursuant to the terms of the Travelers

18    Bond, the terms of the collective bargaining agreement, Civil

19    Code sections 3248, 3250, 3287 and 3289, and California Labor

20    Code sections 203, 203.5 and 218.5 and any other statute so

21    providing.

22
                                **PRAYER**

23    WHEREFORE, Plaintiffs pray for judgment as follows:

24    **I. On the First Claim for Relief:**

25    For judgment against defendant Masonry Systems Group Inc.:

26    (a) in the principal amount in excess of $12,287.91, plus

27    interest thereon at the legal rate from the original due dates

28    commencing May 15, 2002 until paid;

1   (b) plus plaintiffs' attorney's fees and costs;

2   (c) plus the greater of liquidated damages of at least
3   $2,457.58, calculated at 20% of the principal amount or interest;
4   and,

5   all according to proof, pursuant to the agreement between
6   plaintiffs and defendants, 29 U.S.C. Section 1132(g)(2), Labor
7   Code Section 218.5 and any other statute so providing.

8   **II. On the Second Claim for Relief:**

9   For judgment against defendant Masonry Systems Group Inc:

10  (a) in the principal amount in excess of $49,939.21, plus
11  interest thereon at the legal rate from the original due dates
12  commencing May 15, 2002 until paid;

13  (b) plus plaintiffs' attorney's fees and costs in an amount
14  to be determined;

15  (c) plus the greater of liquidated damages of at least
16  $2,247.58, calculated at 20% of the principal amount or interest;

17  (d) plus $15,000 to be deposited with plaintiffs' as a cash
18  bond on future obligations due from Masonry Systems Group Inc,
19  all according to proof, pursuant to the agreement between
20  plaintiffs and defendants, 29 U.S.C. Section 1132(g)(2), Labor
21  Code Section 218.5 and any other statute so providing; and,

22  For penalties against defendant Masonry Systems Group Inc.,
23  pursuant to California Labor Code Section 203.

24  **III. On the Third Claim for Relief:**

25  For judgment against defendants Regents of the University of
26  California and Gilbane Construction Corporation Inc., directing
27  Regents District, to pay, from funds withheld under plaintiffs'
28  stop notice, plaintiffs' claim in the amount of at least at least

$12,287.91, together with interest, liquidated damages calculated at 20%, costs and plaintiffs' attorneys' fees, according to proof, pursuant to Civil Code sections 3179 et. seq., Civil Code sections 3250, 3287, California Labor Code section 218.5, and any other statute so providing, all according to proof.

**IV.   On the Fourth Claim for Relief:**

For judgment against defendant Gilbane Construction Corporation Inc.:

(a) in the principal amount of at least $12,287.91, plus an additional amount to be determined, for hours worked on the Building 19 Project, plus interest thereon at the legal rate; plus

(b) plaintiffs' attorney's fees, auditor's fees and costs; all according to proof, pursuant to Labor Code section 218.5, 1720, 1721, 1722, 1722.1, 1723, 1771, 1772, 1773, 1773.1, 1773.8, 1774 and 1775, California Labor Code sections 218.5 and 1776, California Civil Code section 3287 and any other statute so providing; and,

(C) for penalties against defendant Gilbane Construction Corporation pursuant to California Labor Code Section 203;

all according to proof.

**V. On the Fifth Claim for Relief:**

For judgment against defendant Travelers Casualty And Surety Company of America:

a. for unpaid wages and liquidated damages in the amount of at least $12,287.91, plus an additional amount to be determined; and,

b. for plaintiffs' attorney's fees and costs, interest

1    and penalties

2    pursuant to the terms of the Travelers Bond, the terms of the

3    collective bargaining agreement, Civil Code sections 3248, 3250,

4    3287 and 3289, and California Labor Code sections 203, 203.5 and

5    218.5, all according to proof.

6    **VI. On Each and Every Claim for Relief:**

7    For such relief as the Court deems proper.

8

9    Plaintiffs hereby request a jury trial pursuant to FRCivP

10   38(b).

11

12   Dated: April 3, 2004            /s/ W. Kent Khtikian

13                                        W. KENT KHTIKIAN
                                          Attorney for Plaintiffs
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

TO:     Controller
University of California, San Francisco
1855 Folsom Street, Room 425
San Francisco, CA 94143-0812

Ms. Laurie A Whitnack
Aon Risk Services Insurance
8880 Cal Center Drive, Suite 450
Sacramento, CA 95826

This is a Stop Notice pursuant to California Civil Code §§ 3103 and 3179-3214.

1. NAME OF CLAIMANTS: INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTSMEN, AFL-CIO, LOCAL NO. 3, on behalf of itself and as agent for its members and other persons working under a collective bargaining agreement between the Union and MSGI Construction Company for the value of labor done, under subcontract to Gilbane Building Company and The Cleveland Marble Mosaic Company.
Claimants are persons who performed actual labor for wages, as described in Civil Code § 3110.

2. ADDRESS OF CLAIMANTS: Bricklayers Union Local No. 3 and the other claimants have each designated Kent Khtikian as their attorney and agent for collection of these amounts. The address of claimants is: c/o Kent Khtikian, Esq., Katzenbach and Khtikian, 1714 Stockton Street, Suite 300, San Francisco, CA 94133-2930.

3. CLAIM AGAINST: MSGI Construction Company, Gilbane Building Company and The Cleveland Marble Mosaic Company, which claimants are informed and believe are performing or have performed work on the facilities of the University of California, San Francisco, referenced as the "Mission Bay Project Building 19B - Developmental Biology & Genetics Building" located in San Francisco, California within the jurisdiction of the City of San Francisco, California under Contract No. CM0008-08C

4. AMOUNT CLAIMED: Approximately $21,090.00. Claimants are informed and believe that the amount owed and unpaid is approximately the sum of $21,090.00, plus interest, attorney's fees and other amounts as specified in the collective bargaining agreements, which is due and unpaid to claimants (after deducting all just credits and offsets). Claimants have not been able to ascertain the exact amount owed, and a final determination must await audit of the records of MSGI Construction Company, Gilbane Building Company and The Cleveland Marble Mosaic Company, at which time the amount claimed will be amended.

NOTICE IS HEREBY GIVEN that the above-named claimants hereby



EXHIBIT

1

Blumberg No. 5102

present a verified statement of claim, for the amount stated above, pursuant to and by virtue of the provisions of Sections 3103 and 3179 through 3214 of the California Civil Code and a contract believed to be between the University of California, San Francisco and Gilbane Building Company, for the construction of improvements on the facilities of the University of California, San Francisco, referenced as the "Mission Bay Project Building 19B - Developmental Biology & Genetics Building" located in San Francisco, California, within the jurisdiction of the City of San Francisco, California.

Claimants have provided ACTUAL LABOR in the form of masonry services on behalf of MSGI Construction Company, Gilbane Building Company and The Cleveland Marble Mosaic Company, which claimants are informed and believed was performed under contract with the University of California, San Francisco. This is a claim for wages owing Claimants for actual labor. Claimants provided actual labor in the form of masonry services on property which Claimants are informed and believe is owned by the University of California, San Francisco.

No part of this claim has been paid.

This notice may be amended at any time if additional amounts owing become known, including, but not limited to, attorney's fees and interest.

YOU ARE REQUIRED TO SET ASIDE SUFFICIENT FUNDS TO SATISFY THIS CLAIM, TO WIT $21,090.00, PLUS INTEREST THEREON.

VERIFICATION

I, the undersigned, say that I am the representative of the Claimants in the foregoing claim; that I have read the same and know the same is true except where stated on the basis of information or belief in which case I believe the same is true. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 1st day of December 2003 in San Francisco, California.

Kent Khtikian
Attorney for Claimants
Katzenbach and Khtikian
1714 Stockton Street, Suite 300
San Francisco, CA 94133
(415) 834-1778

2

**EXHIBIT 2**

Mission Bay Building 19B Developmental Biology and Genetics Building    Project No.: M0417
UNIVERSITY OF CALIFORNIA, SAN FRANCISCO    Contract No.: CM0008

Bond No.: 06 SB 103120195 BCM

## PAYMENT BOND

KNOW ALL PERSONS BY THESE PRESENTS:

THAT WHEREAS, The Regents of the University of California ("The Regents") has awarded to Gilbane Building Company, a California Corporation, 44 Montgomery Street, Ste 1250, San Francisco, CA 94104 as Principal a contract dated the 23rd day of April, 2001, (the "Contract") for the work described as follows:

### Mission Bay Building 19B Developmental Biology And Genetics Building
### University of California, San Francisco

AND WHEREAS, Principal is required to furnish a bond in connection with the Contract to secure the payment of claims of laborers, mechanics, material suppliers, and other persons as provided by law;

NOW, THEREFORE, we, the undersigned Principal and

TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
as Surety, are held and firmly bound unto The Regents in the sum of

Sixty One Million Nine Hundred Twenty Two Thousand Eight Hundred Forty Eight dollars ($61,922,848), for which payment well and truly to be made we bind ourselves, our heirs, executors, administrators, successors, and assigns, jointly and severally, firmly by these presents.

THE CONDITION OF THIS OBLIGATION IS SUCH, that if Principal, or its heirs, executors, administrators, successors, or assigns approved by The Regents, or its subcontractors shall fail to pay any of the persons named in State of California Civil Code Section 3181, or amounts due under the State of California Unemployment Insurance Code with respect to work or labor performed under the Contract, or for any amounts required to be deducted, withheld, and paid over to the State of California Employment Development Department from the wages of employees of Principal and subcontractors pursuant to Section 13020 of the State of California Unemployment Insurance Code with respect to such work and labor, that Surety will pay for the same in an amount not exceeding the sum specified in this bond, otherwise the above obligation shall become and be null and void.

This bond shall inure to the benefit of any of the persons named in State of California Civil Code Section 3181 as to give a right of action to such persons or their assigns in any suit brought upon this bond.

Surety, for value received, hereby expressly agrees that no extension of time, change, modification, alteration, or addition to the undertakings, covenants, terms, conditions, and agreements of the Contract, or to the work to be performed thereunder, shall in any way affect the obligation of this bond; and it does hereby waive notice of any such extension of time, change, modification, alteration, or addition to the undertakings, covenants, terms, conditions, and agreements of the Contract, or to the work to be performed thereunder.

January 2, 1996
Revision: 3.1
LFREV3

EXHIBIT
2
Blumberg No. 5192

1 of 2

Exhibit 2

P. 2

APR 01 2004 11:38AM   HP LASERJET 3200

Surety's obligations hereunder are independent of the obligations of any other surety for the payment of claims of laborers, mechanics, material suppliers, and other persons in connection with the Contract; and suit may be brought against Surety and such other sureties, jointly and severally, or against any one or more of them, or against less than all of them without impairing The Regents' rights against the other.

In the event suit is brought upon this bond, the parties not prevailing in such suit shall pay reasonable attorneys' fees and costs incurred by the prevailing parties in such suit.

Correspondence or claims relating to this bond shall be sent to Surety at the address set forth below.

IN WITNESS WHEREOF, we have hereunto set our hands this 16th day of _July_ ,2001 .

Principal: GILBANE BUILDING COMPANY
        (Name of Firm)

By: _____
        (Signature)

John W. DiNicola
        (Printed Name)

Title: VP & General Counsel

Surety: TRAVELERS CASUALTY AND SURETY
        COMPANY OF AMERICA
        (Name of Firm)

By: _Claudia R. Pezzullo_
        (Signature)

Claudia R. Pezzullo,
        (Printed Name)

Title: Attorney-in-Fact

Address for Notices:
One Tower Square

Hartford, CT   06183-9062

_____
(Phone Number and Fax Number)

NOTE: Notary acknowledgment for Surety and Surety's Power of Attorney must be attached.